FILED - GR
August 25, 2025 3:48 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: /8/26

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

**1:25-cv-1004**
Jane Beckering -  U.S. District Judge
Sally Berens- U.S Magistrate

JACOB WAYNE WHITE,
Plaintiff,

v.

U.S. DEPARTMENT OF ENERGY, et al.,
Defendants.

Case No. _____
Hon. _____

---

COMPLAINT

1. Parties

Plaintiff, Jacob Wayne White, is an individual residing in Calhoun County, Michigan. Defendants are various federal agencies, departments, and related entities listed in Exhibit A – Defendant List, incorporated herein by reference.

---

2. Jurisdiction and Venue

This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including matters involving federal agencies and federal programs.
Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(e) because Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred here.

---

3. Nature of the Action

This is a civil action arising from the unlawful suppression, interference, and obstruction of Plaintiff's intellectual property submissions, government contracting opportunities, and related communications by multiple federal agencies. These actions caused financial harm, reputational damage, and loss of prospective economic advantage.

---

4. Statement of Claim

Beginning in or around May 2025, Plaintiff submitted technical and scientific materials to multiple U.S. government agencies, including but not limited to the National Geospatial-Intelligence Agency (NGA), National Reconnaissance Office (NRO), Department of Energy (DOE), and Lawrence Livermore National Laboratory (LLNL).

Following these submissions, Plaintiff experienced:

a. Firewall Suppression and Filtering.
Multiple agencies returned bouncebacks explicitly citing ITAR filtration. Other rejections were delayed by 9–20 hours, proving messages were held, scanned, and only rejected after internal review. Agencies including DEVCOM, Redstone Arsenal, LARC, and congressional offices displayed coordinated block/unblock behavior (see Exhibit B).

b. NGA's Unclassified Confirmation.
Despite widespread ITAR filtering, NGA entered Plaintiff's submission into its CRM system and marked the record "Unclassified." This directly undermines any argument that Plaintiff's materials were classified or subject to lawful ITAR suppression.

c. Publication by LANL.
On June 23, 2025, LANL published material replicating the 1938 Ruhlig DT fusion experiment — closely overlapping with Plaintiff's early June NovaPulse submissions specifying DT fuel capsules with a 1.2% coincidence. Yahoo News republished the story on August 6, 2025 (see Exhibit C).

d. Retaliation via Congressional Suppression.
Emails to congressional oversight committees (e.g., Armed Services, Intelligence, HSGAC) first suffered delayed rejections (hours after transmission) and now suffer instant rejections, showing escalation and retaliation following Plaintiff's formal complaints.

e. Army ITAR Filter Flip-Flop.
DEVCOM and Redstone Arsenal allowed Plaintiff's August 18, 2025 litigation and FOIA emails to pass through without bounces, but within hours reinstated ITAR rejections. This selective unblocking and re-blocking demonstrates active monitoring and intentional suppression.

f. Evidence of Retaliatory Coordination.
Blocking and unblocking waves occurred across multiple agencies simultaneously, proving central oversight. The absence of technical rebuttals or dismissals — combined with synchronized firewall activity — further supports the claim of suppression and retaliation.

g. Documented Intellectual Property.
Plaintiff paid the USPTO filing fee (Exhibit D), showing good faith and documented ownership of the NovaPulse concept.

---

5. Relief Requested

Plaintiff seeks:

a. Declaratory relief that Defendants' actions violated constitutional, statutory, and regulatory provisions;

b. Injunctive relief compelling Defendants to cease suppression, restore access to federal contracting systems, and ensure Plaintiff equal opportunity in federal procurement;

c. Compensatory damages for lost opportunities and economic harm;

d. Any other relief the Court deems just and proper.

---

6. Jury Demand

Plaintiff demands trial by jury on all issues so triable.

---

Respectfully submitted,

Date: 08/22/2025
Signature: _____
Jacob Wayne White
86 W. Hamilton Lane
Battle Creek, Michigan 49015-4026
269-420-1306



