UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB WAYNE WHITE,

    Plaintiff,

v.                                                                                          Hon. Jane M. Beckering

U.S. DEPARTMENT OF ENERGY et al.,                      Case No. 1:25-cv-1004

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Jacob White filed his pro se complaint in this case on August 25, 2025, against the US. Department of Energy, the National Geospatial-Intelligence Agency, the National Reconnaissance Office, Lawrence Livermore National Laboratory, Los Alamos National Laboratory, Sandia National Laboratories, PEO Missiles and Space, U.S. Army DEVCOM, DEVCOM, Office of Naval Research, and NASA Langley Research Center, alleging that they violated his constitutional rights and statutory and regulatory provisions with regard to his submissions of intellectual property. (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). I conclude that the complaint must be dismissed for several reasons. First, the Court lacks subject matter jurisdiction as set forth in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). Second, the action should be dismissed because the complaint fails to state a claim upon which relief can be granted. Finally, Plaintiff's claims are barred by sovereign immunity.

**I. Background**

    Plaintiff alleges:

Beginning in or around May 2025, Plaintiff submitted technical and scientific materials to multiple U.S. government agencies, including but not limited to the

> National Geospatial-lntelligence Agency (NGA), National Reconnaissance Office (NRO), Department of Energy (DOE), and Lawrence Livermore National Laboratory (LLNL).

(ECF No. 1 at PageID.2.)

> Plaintiff alleges that following the submissions, he experienced several things, including:
>
> - Firewall suppression and filtering (multiple agencies returned bouncebacks explicitly citing ITAR (International Traffic in Arms Regulations) and agencies including DEVCOM, Redstone Arsenal, LARC, and congressional offices displayed coordinated block/unblock behavior);
> - NGA's unclassified confirmation (entering Plaintiff's submission into its CRM system and marking the record "Unclassified");
> - Publication by LANL (publication of material replicating the 1938 Ruhlig DT fusion experiment "closely overlapping with Plaintiff's early June NovaPulse submissions specifying DT fuel capsules with 1.2% coincidence");
> - Retaliation via Congressional suppression (emails sent to Congressional oversight committees first suffered delayed rejections but now suffer instant rejections);
> - Army ITAR filter flip-flop (DEVCOM and Redstone Arsenal allowed Plaintiff's August 18, 2025 litigation and FOIA emails to pass through without bounces but within hours reinstated ITAR rejections);
> - Evidence of retaliatory coordination (blocking and unblocking waves occurred across multiple agencies simultaneously, proving central oversight supporting Plaintiff's claim of suppression and retaliation);
> - Documented intellectual property (Plaintiff paid the United States Patent and Trademark Office filing fee, showing good faith and documented ownership of the NovaPulse concept).

(*Id.* at PageID.2–3.)

For relief, Plaintiff seeks a declaration that Defendants violated constitutional, statutory, and regulatory provisions; an injunction compelling Defendants to cease suppression, restore Plaintiff's access to federal contracting systems, and ensure Plaintiff equal opportunity in federal procurement; and compensatory damages for lost opportunities and economic harm.

## II. Discussion

### A.   Lack of Jurisdiction

It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the

allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Plaintiff's complaint, which does not allege any cognizable claim, meets the *Apple* standard and is subject to dismissal for lack of subject matter jurisdiction.

      **B.**      **Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

> court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

The complaint also fails to state a plausible claim under the pleading standard set forth above. Plaintiff alludes to constitutional, statutory, and regulatory provisions, but he fails to cite a single source of federal law indicating that he states a legally cognizable claim. Indeed, his factual allegations, alone, suggest that he has not done so.

### C.    Sovereign Immunity

Finally, Plaintiff sues a number of agencies that are part of the federal government. These claims are treated as being made against the United States. However, Plaintiff fails to identify a valid waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). It is well established that under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc. v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). A plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction. *Id.* As noted, Plaintiff has failed to identify a valid waiver.

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction/failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: September 2, 2025

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).