UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB WAYNE WHITE,

    Plaintiff,

v.

U.S. DEPARTMENT OF ENERGY, et al.,

    Defendants.
_____/

Case No. 1:25-cv-1004

HON. JANE M. BECKERING

## OPINION AND ORDER

Now pending before the Court are pro se Plaintiff Jacob White's three objections (ECF No. 8) to the Magistrate Judge's Report and Recommendation (R&R) (ECF No. 7).  The Magistrate Judge conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that the Court dismiss this action for lack of subject matter jurisdiction, failure to state a claim, and based on sovereign immunity (ECF No. 7).  For the following reasons, the Court will deny Plaintiff's objections, adopt the Report and Recommendation, and dismiss the complaint.

Plaintiff alleges that the U.S. Department of Energy and many other federal agencies and contractors violated his rights under the constitution and federal law with regard to his "submissions of intellectual property" (ECF No. 1).  The Report and Recommendation ably describes these allegations in detail (ECF No. 7 at PageID.107–108).  To briefly paraphrase, Plaintiff asserts that he submitted "technical and scientific materials to multiple government agencies," but the government violated his rights by using "firewall suppressing and filtering" to block his submissions and by providing him with false information about certain grant application periods (ECF No. 1 at PageID.2–3).

The Magistrate Judge concluded that 1) "the Court lacks subject matter jurisdiction as set forth in *Apple v. Glenn*"; 2) "the action should be dismissed because the complaint fails to state a claim upon which relief can be granted" under *Twombly* and *Iqbal*; and 3) Plaintiff's claims are barred by sovereign immunity (ECF No. 7 at PageID.107). The Magistrate Judge further concluded that there would be no good faith basis for an appeal of this matter.[1] Under 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court reviews de novo those portions of the Report and Recommendation to which objections have been made.

Plaintiff first objects to the Magistrate Judge's conclusion regarding subject matter jurisdiction, although he does not directly address the Magistrate Judge's analysis (ECF No. 8 at PageID.112). Plaintiff largely repeats conclusory and opaque statements originally set forth in the Complaint (*compare* ECF No. 1 *with* ECF No. 8). The Magistrate Judge correctly concluded that Plaintiff's "complaint, which does not allege any cognizable claim, meets the *Apple* standard and is subject to dismissal for lack of subject matter jurisdiction" (ECF No. 7 at PageID.108–109). This objection is denied.

Second, Plaintiff objects to the Magistrate Judge's determination that his Complaint fails to state a plausible claim for relief (ECF No. 8 at PageID.113). Again, Plaintiff fails to directly address the Magistrate Judge's reasoning that "Plaintiff alludes to constitutional, statutory, and regulatory provisions, but he fails to cite a single source of federal law indicating that he states a legally cognizable claim" (ECF No. 7 at PageID.110). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[1] Plaintiff has not objected to the Magistrate Judge's recommendation that there would be "no good faith basis for an appeal" and that "should Plaintiff appeal this decision, the Court [should] assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1)." *See* ECF No. 7 at PageID.111; *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Magistrate Judge correctly concluded that Plaintiff's Complaint fails to meet the plausibility test set forth in *Twombly* and *Iqbal*.  *See id.*  This objection is denied.

Last, Plaintiff argues that "sovereign immunity does not shield unconstitutional conduct" (ECF No. 8 at PageID.113), but he fails to engage with the Magistrate Judge's analysis regarding his failure to "identify a valid waiver of sovereign immunity" (ECF No. 7 at PageID.110).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (cleaned up).  The plaintiff bears the burden of identifying a waiver of sovereign immunity.  *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000).  Plaintiff has not met that burden here, and this objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Additionally, a Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Report and Recommendation (ECF No. 8) are DENIED and the Report and Recommendation (ECF No. 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction, for failure to state a claim, and on the basis of sovereign immunity.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.

Dated:  September 18, 2025                    /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge